NESBITT, Judge
(specially concurring):
I must concur in that portion of Judge Ferguson’s opinion dealing with the child’s cause of action because I disagree with the statement in footnote two of the majority opinion that Gasparro v. Horner, 245 So.2d 901 (Fla. 4th DCA 1971) was wrongly decided.
Both the dissenter in Gasparro and Judge Ferguson in the instant case misper-ceive the holding in Gasparro. The misconception arises from a faulty factual assumption that the infant in Gasparro had no “next friend” capable of bringing suit. See supra note 2; Gasparro, 245 So.2d at 902-03 (dissenting opinion).
As pointed out by the majority in Gasparro, however, “an infant, through a next friend, is at all times authorized to sue,” and “Florida law does not require that a next friend be ‘appointed’ before he can act.” 245 So.2d at 905. Although not made clear by the facts set out in the opinion, the infant undoubtedly did in fact have a next friend who could have sued on her behalf prior to the date of adoption. The infant was four years old at the time of the accident, and was not adopted until twenty-one months later. Obviously, the infant was not fending for herself during those twenty-one months; someone was taking care of her. That person was on notice of the accident and the infant’s injuries and could have brought suit prior to the infant’s adoption.
Furthermore, it is unlikely that the infant’s adoption occurred overnight. Adoption proceedings take time, and the adoptive parents undoubtedly were aware of the infant’s injuries caused in the accident pri- or to the date of adoption. They, therefore, could have brought suit as next friend on behalf of the infant; they were not required to wait for the adoption to become final.
Although I believe Gasparro was correctly decided, I nevertheless find it distinguishable from the present case. In Gas-parro, the infant was involved in an auto *1146 mobile accident and obviously sustained injuries which manifested themselves. It follows, therefore, that the infant’s next friend knew or should have known those facts which supported the cause of action from the time of the accident or soon thereafter. No so in the present case where, as alleged in the complaint, the parents were not on notice of the cause of action until July 1981, four years after the alleged wrongful act.
Upon this reasoning, I do not agree that Gasparro was wrongly decided or inconsistent with today’s decision. I do, however, concur in the result reached and the holding that the statute of limitations does not begin to run against a minor child’s cause of action until a parent, guardian or next friend knows or reasonably should know those facts which support the cause of action. Nardone v. Reynolds, 333 So.2d 25 (Fla.1976). When a child is sexually molested, that child’s knowledge of the offensive conduct is not, as a matter of law imputed to the child’s parent, guardian or next friend. The question of when the statute begins to run on the child’s cause of action is controlled by the factual determination of when the child’s parent, guardian or next friend became aware or reasonably should have become aware of the facts which support the cause of action.
In the present case, the parents of the child have alleged in the complaint that they did not become aware of the sexual molestation of their daughter until July 1981. Accepting this allegation as true, as we must where the trial court grants a motion to dismiss for failure to state a claim upon which relief can be granted, the statute of limitations on the child’s cause of action did not begin to run until July 1981. The lawsuit, therefore, was timely filed, and the lower court erred in granting the defendant’s motion.
For the above reasons, I concur in Judge Ferguson’s opinion and the reversal in this case.